**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIE CHABOT, et al., | CIVIL ACTION NO. 09-2991 (MLC) |
| Plaintiffs, | **MEMORANDUM OPINION** |
| v. | |
| BOROUGH OF BEACHWOOD, et al., | |
| Defendants. | |

**THE PLAINTIFFS** bringing this action, <u>inter alia</u>, to recover damages under 42 U.S.C. § ("Section") 1983 related to Marie Chabot's ("Chabot") arrest by defendants, who were police officers ("Federal Claims") (dkt. entry no. 1, Compl.); and plaintiffs also asserting state law claims arising from Chabot's arrest ("State Claims") (<u>id.</u> at 12-18); and plaintiffs alleging that Chabot was criminally charged due to the circumstances underlying her arrest (<u>id.</u> at 4); and plaintiffs asserting that the criminal charges against Chabot are "still pending" (<u>id.</u>); and

**IT APPEARING** — pursuant to <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994) — that (1) the Court must determine whether a Section 1983 claim, "<u>if successful</u>, would have the hypothetical effect of rendering [a] criminal conviction or sentence invalid," and (2) if a judgment for a plaintiff on such a claim would necessarily imply the invalidity of a conviction, then the claim is

barred until the conviction is overturned, Gibson v. Superint. of N.J. Dep't of Law & Pub. Safety - Div. of State Police, 411 F.3d 427, 451-52 (3d Cir. 2005); and

**THE COURT** thus being concerned that if plaintiffs were successful on the Federal Claims, then an eventual underlying state criminal conviction could be rendered invalid; and it appearing that when an indicted plaintiff brings a Section 1983 claim "before [being] convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended," Wallace v. Kato, 549 U.S. 384, 393-94 (2007); and the Court thus intending to stay and administratively terminate this action pending the disposition of the related criminal matter, including any related appeal brought by any party or non-party in state court, and with leave to move for ancillary relief or to reopen when appropriate;[1] and

**IT APPEARING** that an order administratively terminating an action is not the equivalent of a dismissal of a complaint with prejudice, and is issued pursuant to the Court's inherent power to control the docket and in the interests of judicial economy,

---

[1] Plaintiffs are advised that they may proceed in state court on their State Claims if they do not wish to wait until the criminal charges against Chabot are resolved.

see <u>Delgrosso v. Spang & Co.</u>, 903 F.2d 234, 236 (3d Cir. 1990) (stating administrative termination is not a final determination, as it "permits reinstatement and contemplates the possibility of future proceedings," and "does not purport to end litigation on the merits"); and for good cause appearing, the Court will issue an appropriate order.

                                                s/ Mary L. Cooper
                                              **MARY L. COOPER**
                                              United States District Judge

Dated: June 26, 2009